Filed 4/30/25  P. v. Cooper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br> v.<br><br>JERRY LEE COOPER,<br><br>   Defendant and Appellant. | C100910<br><br>(Super. Ct. Nos. STK-CR-FE-2000-0007263, SF080256A) |

A jury convicted defendant Jerry Lee Cooper of residential burglary.  The trial court found that defendant had three prior serious felony convictions within the meaning of the three strikes law and the five-year enhancement statute (Pen. Code, §§ 1170.12, 667, subds. (a)-(i))[1] and two prior prison terms that qualified for one-year enhancements (former § 667.5, subd. (b)).  It imposed an aggregate prison sentence of 40 years to life, consisting of 25 years to life for the burglary and three consecutive five-year terms for the five-year enhancements.  The trial court imposed but stayed two one-year terms for the prior prison term enhancements.  This court affirmed the judgment.  (*People v. Cooper* (April 16, 2002, C038483) [nonpub. opn.].)

---

[1] Undesignated statutory references are to the Penal Code.

In 2024, the trial court resentenced defendant under section 1172.75, striking the enhancements and thereby reducing defendant's sentence to 25 years to life in prison.

Defendant appeals from the resentencing judgment, arguing the trial court abused its discretion in declining to dismiss his prior strike convictions. Finding no abuse of discretion, we will affirm the judgment.

BACKGROUND

In his opening brief, defendant provided a background that the People adopted in their respondent's brief.

In September 1979, when defendant was 22 years old, he struck a victim on the back of her neck. She passed out and defendant took her purse. Defendant pleaded guilty to robbery and he was sentenced to three years of formal probation. In March 1987, defendant was arrested while carrying a videocassette machine from a home. He pleaded guilty to residential burglary and was sentenced to four years in prison. In February 1992, defendant broke into a home. Convicted of residential burglary, the trial court imposed 16 years in prison. Then, in September 2000, a neighbor reported seeing someone on the porch of a house that had a broken window. Sheriff's deputies caught defendant climbing over a fence in the backyard. When the homeowners returned, they reported two rooms disturbed and a window broken. Defendant was convicted of first degree burglary.

Defendant said his father abused his mother, and his mother abused defendant and his five siblings. Defendant's parents divorced when defendant was 11 years old and his mother remarried when he was 14 years old. Defendant graduated from high school in 1974 and joined the army in 1975. He was deployed to Germany and honorably discharged in 1979.

Defendant started using drugs and alcohol as a teenager. In an April 2001 probation report, defendant stated that he had been using cocaine for 10 years, starting around the age of 32.

2

At the resentencing hearing, defendant requested that in addition to striking the prior prison term enhancements the trial court should dismiss two of his three prior strike convictions based on a number of post-conviction factors. Defendant argued that his prison disciplinary record consisted of just six rule violations. He also noted that his rehabilitation record in prison included self-help program certificates, laudatory chronos documenting his participation in veteran's group meetings and activities, credit week awards for completing life skill milestones, and adult education. He asserted that because he is over 40 years old, he is a lower risk to public safety. He was 43 years old when sentenced for the crime committed in 2000, and he is now over 65 years old. He served 23 years of his indeterminate sentence. He argued that he does not have physical limitations that would prevent him from working and being a productive member of society. But at the section 1172.75 hearing, defendant stated he was in a wheelchair due to two recent back surgeries.

Based on the foregoing, defendant asked that two of his three strikes be dismissed. He argued that his 1980 robbery conviction demonstrated impulsiveness and immaturity. Defendant claimed he was 22 years old and partly motivated by "drug and alcohol use, and [a] still developing teenage brain." He said that although the victim passed out when hit from behind, it happened quickly and the monetary loss was relatively slight. Further, defendant argued his burglary convictions in 1987 and 1992 occurred when no one was home and the amount of theft and property damage was minimal. He noted that he was not armed with a weapon and made no threats to witnesses. Defendant asserted the trial court should consider his youthful age at the time of his 1979 crime, the remoteness of his prior convictions, his advanced age, and the length of his sentence. Upon release, defendant said he intended to maintain his sobriety and religious faith through group meetings and seek employment to support himself.

Among other things, the People listed a number of misdemeanor convictions and parole violations defendant committed in addition to his prior strike convictions. They

3

also pointed out that defendant committed the 1987 burglary conviction while awaiting sentencing for receiving stolen property. Defendant was sentenced to four years in state prison for the 1987 burglary, but less than two weeks after he was released on parole, defendant committed the 1992 burglary. He committed the 2000 burglary while on parole for the 1992 burglary.

The People noted that the trial court denied a *Romero*[2] motion when imposing the original sentence. In 2000, defendant broke into the home of an elderly couple at night, which was inherently dangerous. According to the People, defendant's record showed that, when not incarcerated, he was on probation or parole and still continued to commit crimes.

At the resentencing hearing, defense counsel elicited information from defendant about the life skill programs he completed, how he planned to maintain his sobriety, what defendant had learned, and how he had grown from participating in drug and alcohol group meetings. Defendant explained he was a different person than when he committed the prior crimes, especially after he saw his mother and she apologized for being abusive. Defendant described a six-month sobriety program at a facility where he would reside if released. He noted that he was eligible for many services available to veterans.

The trial court struck all of the enhancements. But it declined to dismiss the prior strike convictions. It said the first strike conviction for robbery was egregious. And it observed that the last offense occurred shortly after defendant was released from a 16-year sentence. The trial court said its action would reduce defendant's sentence to 25 years to life.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

DISCUSSION

Defendant contends the trial court abused its discretion in declining to dismiss his prior strike convictions.

In determining whether a defendant no longer falls within the spirit of the three strikes law, the trial court considers the nature and circumstances of the present and prior felonies, along with the particulars of the defendant's background, character, and prospects. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review a trial court's decision declining to dismiss a strike conviction for abuse of discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) On review, the trial court's decision is presumed to be a proper exercise of discretion, and the court is presumed to have considered all relevant factors in the absence of an affirmative record to the contrary. (*Id* at p. 378; *People v. Myers* (1999) 69 Cal.App.4th 305, 310.) In light of the presumption, the trial court abuses its discretion in declining to strike a prior conviction only in limited circumstances, such as "where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*Carmony,* at p. 378.)

Defendant notes that his youth at the time he committed the robbery was a relevant consideration. But the trial court *did* consider defendant's youth. Among other things, defendant argued to the trial court that his youth should be considered in deciding whether to dismiss a prior violent offense. And the trial court acknowledged that defendant was 22 years old at the time of the robbery. This case is not like *People v. Avila* (2020) 57 Cal.App.5th 1134, a case cited by defendant, because in that case the trial court believed youth was not applicable to its determination. (*Id.* at pp. 1141-1142)

Defendant also notes that his burglaries were non-confrontational and resulted in minimal theft or damage. However, residential burglary is inherently dangerous because it involves unwelcome entry into living quarters. (*People v. Cruz* (1996) 13 Cal.4th 764, 775.) "[T]he distinction between first and second degree burglary is founded upon the

5

perceived danger of violence and personal injury that is involved when a residence is invaded." (*Id.* at pp. 775-776.)

In addition, defendant suggests his burglaries were attributable to his drug addiction. But drug addiction is not necessarily dispositive if a defendant continues to commit crimes without seeking help or treatment. (See *People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.) Although defendant stated his intention to maintain the sobriety he achieved in prison, there is no evidence he ever sought treatment when he was not incarcerated.

Nevertheless, defendant takes issue with a trial court observation that defendant's efforts at rehabilitation were relatively recent. The trial court referenced rehabilitation efforts in 2023, whereas defendant also identified efforts from 2007 to 2015. Given the apparent gap in rehabilitation efforts between 2015 and 2023, the trial court's characterization of the efforts was not irrational and was supported by substantial evidence.

Defendant further argues the trial court should have considered his diminished risk to public safety given his current age. However, advancing age, by itself, does not remove a defendant from the spirit of the three strikes law. (*People v. Strong* (2001) 87 Cal.App.4th 328, 345.) And here, as defendant aged, he continued to commit crimes when not incarcerated.

The trial court balanced the relevant factors and exercised its discretion to strike all of the five-year enhancements, observing that having served 23 years of his sentence, defendant might soon be eligible to be considered for release. The trial court declined to dismiss the strike convictions, however, and we find no abuse of discretion in that decision.

For the first time on appeal, defendant argues the trial court violated his constitutional right to due process. (See *Hicks v. Oklahoma* (1980) 447 U.S. 343, 346.) But we conclude the trial court properly exercised its discretion under governing law

6

based on substantial evidence.  To the extent defendant's new argument is not forfeited on appeal, " '[n]o separate constitutional discussion is required, or provided, when rejection of a claim on the merits necessarily leads to rejection of any constitutional theory or "gloss" raised for the first time here.'  [Citations.]"  (*People v. Solomon* (2010) 49 Cal.4th 792, 811, fn. 8; see *People v. Scott* (2015) 61 Cal.4th 363, 394-395 [" 'Rejection of a claim on its merits necessarily disposes of the additional constitutional "gloss." ' "].)

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
KRAUSE, J.


_____/S/_____
BOULWARE EURIE, J.


7